**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON GOVERNMENT'S FIRST** |
| | ) | **AND SECOND MOTIONS IN LIMINE** |
| vs. | ) | |
| | ) | Case No. 3:19-cr-00040 |
| Paul Henry Cavanaugh, | ) | |
| | ) | |
| Defendant. | ) | |

Trial in the above-captioned case is scheduled to commence on August 11, 2020. Now before the Court are the Government's first motion in limine filed on July 28, 2020 and second motion in limine filed on July 31, 2020. Doc. Nos. 107, 109. Defendant Paul Henry Cavanaugh responded to both motions on August 4, 2020. Doc. No. 115. A two-count superseding indictment charges Cavanaugh with sexual abuse of an incapacitated victim, in violation of 18 U.S.C. §§ 2242(2)(A), 2242(2)(B), and 1153, and aggravated sexual abuse by force, in violation of 18 U.S.C. §§ 2241(a)(1) and 1153. Doc. No. 60. The Government avers that Cavanaugh sexually assaulted then 18-year-old A.L. at his home on the Spirit Lake Indian Reservation in the early hours of March 15, 2018.

**I.     FIRST MOTION IN LIMINE**

The first motion seeks to admit three prior misdemeanor convictions that Cavanaugh sustained between 1997 and 2006 as impeachment evidence should he decide to testify at trial. Namely, the Government requests admission of Cavanaugh's convictions in North Dakota state court for Class A Misdemeanor Forgery in 1997, Class A Misdemeanor False Information to Law Enforcement in 1999, and Class A Misdemeanor False Information to Law Enforcement in 2006.

Normally, evidence of a prior conviction, whether misdemeanor or felony, must be admitted to impeach a witness's character for truthfulness "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).  Limiting that, evidence of any conviction more than ten years old is admissible for impeachment only if: (1) the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"; and (2) the proponent provides reasonable written notice to the adverse party of intent to use the conviction.  Fed. R. Evid. 609(b).  "Rule 609(b) effectively establishes a rebuttable presumption against the admissibility of prior convictions more than ten years old." United States v. Shelledy, 961 F.3d 1014, 1023 (8th Cir. 2020) (quoting United States v. Stoltz, 683 F.3d 934, 939-40 (8th Cir. 2012)).  "Convictions more than ten years old should be admitted rarely and only when exceptional circumstances exist." United States v. Kieffer, No. 1:08-cr-54, 2009 WL 973350, at *2 (D.N.D. Apr. 10, 2009) (citing United States v. Felix, 867 F.2d 1068, 1074 (8th Cir. 1989)).

Applying these principles, the three misdemeanor convictions at issue here plainly qualify as crimes that required proof of a dishonest act or false statement.  Even so, each fails to clear the high bar necessary to satisfy Rule 609(b).  The specific circumstances of the convictions appear to bear little resemblance to what jurors will actually grapple with at trial when assessing the truthfulness of Cavanaugh's interview statements to law enforcement regarding the alleged sexual assault.  The convictions' probative value is measurably diminished as a result.

For example, in addition to being 23 years old, the 1997 Forgery conviction involves a different brand of dishonest conduct that provides limited insight into Cavanaugh's track record for truthfulness with law enforcement specifically.   The 1999 False Information to Law Enforcement conviction similarly rests in the far-distant past.  And the Government offers no

particulars for the conduct underlying that offense,[1] leaving the Court to guess as to whether the false information Cavanaugh provided then carries the high degree of probative value essential to the admissibility of a 21-year-old conviction now.

The 2006 False Information to Law Enforcement conviction, although closer to the ten-year mark, is likewise askew. In that instance, Cavanaugh provided a false name to law enforcement during a traffic stop on suspicion of driving under the influence. While demonstrating some willingness to lie to evade the law, that conduct does not approach the gravity of the Government's theory here—that Cavanaugh lied to federal agents in two separate interviews when confronted with sexual assault allegations. Combined with the 14-year time gap, the less consequential nature of the dishonest conduct precludes the 2006 conviction's probative value from substantially outweighing the prejudicial effect.

Accordingly, the Court concludes that the three misdemeanor convictions fall short of the exceptional circumstances required for admissibility under Rule 609(b). Should Cavanaugh's trial testimony implicate these convictions more directly, however, the Government may seek renewed leave to introduce them for impeachment purposes.

## II.     SECOND MOTION IN LIMINE

The second motion seeks to admit Cavanaugh's 2011 Class A Misdemeanor Escape conviction as impeachment evidence should he decide to testify at trial. The Government contends that the conviction qualifies as a crime of dishonesty automatically admissible under Rule 609(a)(2) of the Federal Rules of Evidence. The Court finds otherwise.

---

[1] The Government explains that certified copies of Cavanaugh's 1999 False Information to Law Enforcement conviction are unavailable due to municipal record retention policies.

To refresh, because the Escape conviction is less than ten years old, it must be admitted for impeachment "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "Rule 609(a)(2) refers to crimes such as perjury[,] false statement, criminal fraud, embezzlement, or any other offense in the nature of *crimen falsi*." Stoltz, 683 F.3d at 939 (cleaned up). "Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement." United States v. Jefferson, 623 F.3d 227, 234 (5th Cir. 2010) (quoting Fed. R. Evid. 609 advisory committee note to 2006 amendment). "Evidence of a conviction requiring proof or admission of an act of dishonesty or false statement is automatically admissible and not subject to Rule 403 balancing by the court." United States v. Collier, 527 F.3d 695, 700 (8th Cir. 2008) (citing Green v. Bock Laundry Mach. Co., 490 U.S. 504, 525-26 (1989)).

In North Dakota, Class A Misdemeanor Escape mandates proof that "without lawful authority, the person removes or attempts to remove himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." N.D. Cent. Code § 12.1-08-06. Beyond the statutory language, the offense requires proof of "intent to evade the due course of justice." State v. Hedrick, 164 N.W.2d 57, 63 (N.D. 1969).

Acknowledging that North Dakota's Escape statute does not contain a facial element of dishonesty or false statement, the Government nonetheless insists that the facts underlying Cavanaugh's escape conviction demonstrate deception. For support, the Government cites to two cases from the Second Circuit Court of Appeals that looked outside the statutory elements of an offense "to determine whether the conviction rested upon facts establishing dishonesty or false statements." United States v. Payton, 159 F.3d 49, 57 (2d Cir. 1998); accord United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977). But both cases predate the 2006 amendment to Rule

4

609(a)(2). Before amendment, the Rule mandated admission of any crime that "involved dishonesty or false statement"—full stop. See Payton, 159 F.3d at 57; Hayes, 553 F.2d at 827. The 2006 amendment curtailed that broad language to the Rule's present-day form. The advisory committee note elucidates the relevant substance of the change:

> Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment—as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly—a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted. But the amendment does not contemplate a "mini-trial" in which the court plumbs the record of the previous proceeding to determine whether the crime was in the nature of *crimen falsi*.

Fed. R. Evid. 609 advisory committee note to 2006 amendment.

Here, the Government offers the judgment, the criminal complaint, and the police report from Cavanaugh's Escape conviction. Doc. Nos. 109-1, 109-2, 109-3. The judgment indicates only that Cavanaugh pleaded guilty to the offense, which again, does not facially include an element of deceit. Doc. No. 109-3. The sole additional detail the criminal complaint offers is that the correctional facility had released Cavanaugh to attend a medical appointment and that he had not returned as scheduled. Doc. No. 109-2. That bare factual allegation would not have required Cavanaugh to admit to lying about attending the appointment in order to sustain the elements required for his guilty plea. And by offering the police report and other factual details surrounding Cavanaugh's conviction, the Government invites the Court to engage in precisely the type of record-probing the 2006 amendment protects against. In sum, the Class A Misdemeanor Escape offense did not require Cavanaugh to admit a dishonest act or false statement when pleading guilty. The conviction is therefore not admissible under Rule 609(a)(2).

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the Government's first and second motions in limine (Doc. Nos. 107, 109) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2020.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court