**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Paul Henry Cavanaugh, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:22-cv-152 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:19-cr-40 |
| Paul Henry Cavanaugh, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Petitioner Paul Henry Cavanaugh's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 192. The United States opposes the motion. Doc. No. 198. After careful review, the motion is denied.

## I.   **BACKGROUND**

On March 15, 2018, Cavanaugh held a party at his house and sexually assaulted his 18-year-old neighbor, A.L. Shortly after the assault, A.L. attempted suicide by overdosing on medication. While being treated, A.L. disclosed the assault to medical providers and law enforcement was notified.

Cavanaugh was charged with one count of sexual abuse of an incapacitated victim and one count of aggravated sexual abuse by force. His case went to trial. At trial, the jury convicted Cavanaugh of one count of sexual abuse of an incapacitated victim but acquitted him of the

aggravated sexual abuse charge. Doc. No. 140. Cavanaugh appealed, and the conviction was affirmed. See generally United States v. Cavanaugh, 30 F.4th 1139 (8th Cir. 2022). Cavanaugh now argues he is entitled to § 2255 relief based on several theories that he received ineffective assistance of counsel.

## II.    LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.  Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

III.    **DISCUSSION**

Cavanaugh asserts his counsel was ineffective and that the ineffective representation caused him prejudice. He raises five specific issues: (1) ineffective cross examination of A.L. and H.L.; (2) failing to address the lack of Native Americans in the jury pool; (3) failing to request A.L. be found incompetent to testify; (4) failing to request a lesser included instruction; and (5) ineffective assistance at sentencing.

   A.    **Ineffective Cross Examination of A.L. and H.L.**

Cavanaugh first argues that his counsel failed to effectively cross examine A.L. and H.L.[1] Specifically, he argues the United States should not have been allowed to elicit testimony regarding A.L.'s suicide attempt[2] and that cross examination of A.L. and H.L. was impermissibly restricted.

Reading Cavanaugh's motion generously, he appears to suggest his counsel should have asked for greater leeway in cross examining A.L. and H.L. and that his counsel failed to seek clarification as to Court's caution that counsel must avoid allegations surrounding the A.L.'s prior sexual conduct. But the Eighth Circuit addressed these issues on direct appeal. See Cavanaugh, 30 F.4th at 1142-45. Absent an exception (which Cavanaugh does not assert), this Court cannot revisit those claims. See United States v. Lee, 715 F.3d 215, 224 (8th Cir. 2013) ("Claims that were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

Even if this Court could address these issues, the claims have no substantive merit. As to the clarification on A.L.'s prior sexual conduct, Cavanaugh's counsel was only barred from

---

[1] H.L. is the mother of A.L.  H.L. and A.L. were Cavanaugh's neighbors.

[2] Notably, counsel did try to exclude any testimony regarding the suicide attempt in a motion in limine (Doc. No. 70), so the record refutes any allegation that counsel failed to challenge the testimony concerning the attempted suicide.

bringing up the victim's prior sexual conduct—which is the general rule in federal court. See Fed. R. Evid. 412. Cavanaugh has not articulated why departing from Rule 412 was necessary and appropriate.  And as noted by the Eighth Circuit:

> The information Cavanaugh sought to solicit through cross-examination of H.L. was ultimately presented to the jury. Between Cavanaugh's cross-examination of A.L. and other witnesses, the jury heard the factual details of the fight between A.L. and H.L., and Cavanaugh presented his alternative theory for A.L.'s attempted suicide. Cavanaugh was not denied a complete defense during his trial by the court's directions on cross-examination.

Cavanaugh, 30 F.4th at 1144. Cavanaugh's counsel tried to prevent the jury from hearing testimony regarding A.L.'s suicide attempt, but when the Court ordered otherwise, presented an alternative explanation for the A.L.'s actions. Any claim suggesting counsel was deficient in his questioning of H.L. and A.L. or failed to oppose the testimony regarding the suicide attempt is clearly refuted by the record.

In sum, Cavanaugh raised the cross-examination issue on direct appeal, and it was addressed by the Eighth Circuit.  And as to the merits, on these facts, Cavanaugh cannot establish his counsel's performance fell below an objective standard of reasonableness and he certainly cannot demonstrate prejudice.  This claim is without merit, contradicted by the record, and provides no basis for relief under Strickland.

### B.      Failing to Address the Lack of Native Americans in the Jury Pool

Cavanaugh next argues his counsel's representation was ineffective because counsel failed to properly address the lack of Native Americans in the jury pool. He suggests the lack of Native Americans in the jury pool violated his right to equal protection under the Fourteenth Amendment of the United States Constitution.

This claim is plainly refuted by the record.  Cavanaugh's counsel did, in fact, raise this exact issue during the final pretrial conference. Doc. No. 196 at 73-76. Cavanaugh himself also engaged with the Court directly on this issue. Id. at 74-76.

Beyond that, the Jury Selection and Service Act provides that individuals are entitled to "juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. § 1861.  The District of North Dakota randomly selects potential jurors from a list of individuals who voted in the most recent presidential election. United States v. Garcia, 674 F. App'x 585, 587 (8th Cir. 2016). This selection process has been upheld by the Eighth Circuit in several cases. Id.; United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004); United States v. Morin, 338 F.3d 838, 843 (8th Cir. 2003). Given the well-settled nature of this issue, even if Cavanaugh's attorney would have continued to pursue the argument, any motion would have lacked merit, and counsel is not deficient for failing to raise a meritless argument. See United States v. Thomas, 951 F.2d 902, 904-05 (8th Cir. 1991).

Cavanaugh also seems to suggest a Batson challenge was appropriate but does not elaborate on why. Batson v. Kentucky involved a race-based challenge to an individual juror and not the lack of a certain race within the entire jury pool as Cavanaugh is arguing. 476 U.S. 79 (1986). Cavanaugh has not briefed any issue regarding a race-based challenge to an individual juror, and any Batson argument is misplaced.

In sum, Cavanaugh's counsel did raise a concern about the lack of Native Americans in the jury pool.  And it is well-settled that the District of North Dakota's jury selection plan does not violate the Constitution or federal law.  Cavanaugh cannot show his counsel's conduct fell below an objective standard of reasonableness, and he cannot demonstrate prejudice.  This claim is without merit, is contradicted by the record, and provides no basis for relief under Strickland.

### C.    Failing to Challenge A.L.'s Competency and Mental Health Concerns

Third, Cavanaugh asserts his counsel was ineffective for failing to address A.L.'s "mental competence at and during the time of the alleged crime." Cavanaugh seems to suggest that A.L. was not competent to testify.

Federal Rule of Evidence 601 states, "Every person is competent to be a witness unless [the federal rules of evidence] provide otherwise." To the extent Cavanaugh suggests that A.L. was not competent to testify because of her prior suicide attempt and mental health problems, that is simply a conclusory allegation. Conclusory allegations are claims that lack factual specificity. See Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999); see also Berg v. Norand Corp., 169 F.3d 1140, 1146 (8th Cir. 1999). On this record, any challenge to A.L.'s competency to testify would have been meritless. And counsel is not ineffective for failure to raise a meritless argument. Thomas, 951 F.2d at 904-05. Given the record, and Cavanaugh's unsupported allegations as to A.L.'s mental competence, the Court cannot conclude that counsel's performance fell below an objective standard of reasonableness. Again, this claim fails under Strickland.

### D.    Failing to Request a Lesser Included Instruction

Cavanaugh next claims his counsel was ineffective for failing to request a lesser included offense instruction, "which represent [sic] a cumulative error analysis of this attorney's conduct." Doc. 192 at 8. As an initial matter, the Eighth Circuit does not recognize a cumulative error analysis. Robinson, 301 F.3d at 925 n.3. For this reason alone, his claim fails.

Cavanaugh has not elaborated on exactly which instruction his attorney should have requested. The only offense that would be considered a lesser included offense is abusive sexual contact under 18 U.S.C. § 2244(a)(1) and (2). But including this lesser offense would not have changed the ultimate outcome. For the jury to have considered a lesser included offense, they

would first have needed to find Cavanaugh not guilty on the count for which he was convicted. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 3.10 (2020). Section 3.10 instructs the jury to only consider the lesser included offense if they find the defendant not guilty of the charged offense. Because the jury found Cavanaugh guilty of sexual abuse of an incapacitated victim, the jury would not have considered a lesser included instruction. And the failure to include it did not change the outcome of Cavanaugh's trial, and he cannot demonstrate prejudice.  This claim also fails under Strickland.

      **E.**     **Sentencing**

Finally, Cavanaugh argues his counsel was ineffective at sentencing.  He cites "the Rahaif [sic] Supreme Court decision" as being applicable. Presumably, Cavanaugh is referencing Rehaif v. United States, 139 S. Ct. 2191 (2019). Rehaif concerns the requisite mens rea for a conviction of possessing a gun while prohibited from doing so under 18 U.S.C. § 922(g). Id. at 2200.  Rehaif held that under 18 U.S.C. § 922(g), the United States must prove both that the defendant knew they possessed a gun and that they were aware they held the relevant status. Id. Cavanaugh asserts that the holding in Rehaif should apply to him because while he was acquitted of aggravated sexual abuse by force, he was still sentenced for using force under United States Sentencing Guideline ("USSG") § 3A1.3 (two-level increase for physical restraint of the victim).

Rehaif does not apply here, as no predicate status is required for a conviction of sexual abuse of an incapacitated victim. This argument is likely more accurately framed as an alleged error in calculation of the sentencing guideline range. However, arguments concerning guidelines calculations do not rise to the level of miscarriage of justice, the standard necessary to receive post-conviction relief. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).  Alleged errors regarding guidelines calculations "may not be re-litigated under § 2255." United States v.

McGee, 201 F.3d 1022, 1023 (8th Cir. 2000). Cavanaugh has not provided any explanation as to why his guideline calculation is an exception to this rule. The record conclusively refutes Cavanaugh's claim that his counsel was ineffective at sentencing. There is no evidence that his counsel's performance was anything but reasonable. As a result, this claim also fails under Strickland.

### F.   Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). Said another way, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Cavanaugh's substantive § 2255 claims, the record refutes each claim presented, or the allegations, even accepted as true, would not entitle him to relief.  Dismissal without an evidentiary hearing is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Cavanaugh's allegations, even when taken as true are insufficient to support his claim, contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  Cavanaugh's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 192) is **DENIED** and **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Cavanaugh desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 10th day of March, 2023.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court