IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:19-cr-40 |
| Paul Henry Cavanaugh, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Paul Henry Cavanaugh moves for compassionate release and a sentence reduction. Doc. 205. He seeks a sentence reduction based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). The United States opposes the motion. Doc. 211. For the reasons below, the motion is denied.

I.     <u>BACKGROUND</u>

Cavanaugh was charged with one count of sexual abuse of an incapacitated victim and one count of aggravated sexual abuse by force. His case went to trial. At trial, the jury convicted him of one count of sexual abuse of an incapacitated victim but acquitted him of the aggravated sexual abuse charge. Doc. 140. Cavanaugh appealed, and the conviction was affirmed. <u>See generally United States v. Cavanaugh</u>, 30 F.4th 1139 (8th Cir. 2022). He now argues that pending federal legislation relating to acquitted conduct warrants a lower sentence and that his serious medical concerns can be more efficiently and effectively addressed by the Indian Health Service ("IHS") than the Bureau of Prisons ("BOP").

II.     <u>LEGAL STANDARDS</u>

Because criminal sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that

rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors must also support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.     Administrative Exhaustion

With the enactment of the FSA, federal courts may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Cavanaugh has exhausted his administrative rights (Doc. 211-3).

### B.     Extraordinary and Compelling Reasons

The FSA does not define "extraordinary and compelling reasons." Recently, several amendments were made to the United States Sentencing Guidelines Manual, including an amendment to the applicable policy statement articulating what constitutes "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 states, in relevant part:

> **(a) In General**. Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> \*\*\*

---

[1] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 65 years old and certain additional conditions are met. Cavanaugh is 58 years old, so this avenue for relief is foreclosed.

**(b) Extraordinary and Compelling Reasons**. Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

    **(1)**     **Medical Circumstances of the Defendant**.

        **(A)**     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        **(B)**     The defendant is –

            **(i)**     suffering from a serious physical or medical condition,

            **(ii)**     suffering from a serious functional or cognitive impairment, or

            **(iii)**     experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

        **(C)**     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

\*\*\*

    **(2)**     **Age of the Defendant**. The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13.

The amendments also allow, to a limited degree, consideration of changes in the law, even if not specifically made retroactive by Congress. Section 1B1.13(b)(6) states:

> **Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Along the same lines, Section 1B1.13(c) states:

> **Limitation on Changes in Law.**—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

### III.   DISCUSSION

Cavanaugh moves for a sentence reduction on two grounds: (1) that his medical circumstances constitute extraordinary and compelling reasons for a reduction, and (2) that changes in the law justify a sentence reduction.

#### A.   Medical Conditions

Cavanaugh's "extraordinary and compelling reasons" are a myriad of medical issues that he claims would be more efficiently managed by the IHS, along with generalized grievances with the BOP's management of inmate health care. Doc. 205 at 9-13. Even if these claims were true, however, they are not an extraordinary and compelling reason to reduce a sentence. Compassionate release is appropriate when a petitioner is "suffering from a serious physical or mental condition.

4

. . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Courts generally rely on an inmate's ability to perform activities of daily living to determine whether the inmate can provide self-care. United States v. Bellamy, 2019 WL 3340699 at *4 (D. Minn. July 25, 2019); United States v. Mathison, 467 F. Supp. 3d 673, 680 (N.D. Iowa 2020). The relevant activities can include, but are not limited to walking, eating, using the toilet, getting dressed, taking medication, and clipping toenails. See generally Bellamy, 2019 WL 3340699; see also United States v. Handy, 2020 WL 2041666 (D. Md. April 28, 2020).

The Court has reviewed the medical records provided by Cavanaugh. See Doc. 206-2. It is clear he suffers from some medical issues that limit his mobility, but these issues are being managed appropriately by BOP, and he is referred to hospitals outside the BOP when necessary. On this record, Cavanaugh's medical issues do not rise to the level of extraordinary and compelling because he is able to perform the daily activities of life without assistance.

### B. Changes in the Law

Cavanaugh also argues his sentence was enhanced by four years based on acquitted conduct, and that because acquitted conduct can no longer be considered, his sentence should be reduced. Doc. 205 at 7-8. This argument is without merit.

As an initial matter, Cavanaugh's sentence was not based upon any acquitted conduct. He argues that the 2-point upward adjustment he received for physical restraint of the victim was inappropriate because he was found not guilty of aggravated sexual abuse by force. Id. at 7. But force and physical restraint are not equivalent under federal law. Cavanaugh was acquitted of using force to cause his victim to engage in a sexual act. See Doc. 134 at 10; Doc. 140. As noted by the Court at sentencing, physical restraint is broader than the force as issue in the acquitted charge,

and there was evidence that Cavanagh restricted the movement of his victim during the sexual assault, making the 2-point adjustment appropriate. Doc. 172 at 40-42. Cavanaugh has failed to show his sentence was based on acquitted conduct.

Beyond that, there is currently no prohibition on consideration of acquitted conduct. It is true that two Congressional bills have been proposed that would eliminate this practice. See H.R. 5430, page H4296, Cong. Rec. vol. 169 (2023); S.2788, page S4443, Cong. Rec. vol. 169 (2023). But neither bill has passed or been signed into law. So, there is no change in the law to consider as to acquitted conduct, and even if there were, it would not apply to Cavanaugh.

### C. 18 U.S.C. § 3553(a) Factors

Even if Cavanaugh had shown extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. A court may only grant compassionate relief after consideration of the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a). After review, the Court is not satisfied that Cavanaugh's release is consistent with the 18 U.S.C. § 3553(a) sentencing factors. Cavanaugh received a 260-month sentence for sexually assaulting an incapacitated young woman, and he has provided little evidence of any genuine rehabilitation. See Doc. 205-1. The Court noted at sentencing that Cavanaugh posed a danger to the community, and he has provided nothing to make the Court reconsider that analysis. Put simply, the § 3553(a) factors do not support release or reduction in sentence.

### D. Motions to Appoint Counsel

Cavanaugh filed two motions to appoint counsel to assist with this motion. Doc. 207; Doc. 210. A defendant does not have a Sixth Amendment right to counsel in connection with a compassionate release motion. See United States v. Tollefson, 853 F.3d 481, 485 (8th Cir. 2017); United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009); United States v. Benson, 329 F.

App'x 37, 38 (8th Cir. 2009). Here, the motion lacks merit, and appointment of counsel would be futile. So, the motions to appoint counsel (Doc. 207; Doc. 210) are denied.

## IV.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Cavanaugh's motion for compassionate release and/or reduction in sentence (Doc. 205) is **DENIED**. The motions to appoint counsel (Doc. 207; Doc. 210) are also **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court